Filed 10/7/14  Vaswani v. Sariaslani CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| AMIT VASWANI et al.,<br><br>        Plaintiffs and Respondents,<br><br>v.<br><br>BOBBY SARIASLANI et al.,<br><br>        Defendants and Appellants. | A138321<br><br>(Sonoma County<br>  Super. Ct. No. SCV248606) |

Plaintiffs Amit Vaswani and Vantage Champions Finance Limited sued defendants Bobby Sariaslani and Global Financing Online LLC, seeking to recover monetary losses arising from a failed financial transaction.  In pertinent part, plaintiffs alleged Sariaslani's false representations induced plaintiffs to pay defendants a commission and to invest money in an investment firm operating in the nature of a Ponzi scheme.  After a trial, the jury gave inconsistent responses to the special verdict question, asking "Did Sariaslani make a false representation of an important fact to Plaintiffs?," by answering "no" concerning plaintiffs' intentional misrepresentation claim, and answering "yes" concerning plaintiffs' negligent misrepresentation claim.  In response to plaintiffs' motion for a new trial, the court found the jury's inconsistent findings could not be reconciled and required a new trial on the causes of action for intentional misrepresentation and negligent misrepresentation.

On appeal defendants challenge the trial court's grant of a new trial on the causes of action for intentional misrepresentation and negligent misrepresentation.  We conclude that a new trial is required because the jury submitted inconsistent and irreconcilable

responses to a question necessary to resolve defendants' liability for intentional misrepresentation and negligent misrepresentation. Because we are "not permitted to choose between inconsistent answers" in a special verdict, the appropriate remedy is a new trial on the affected causes of action. (*Singh v. Southland Stone, U.S.A., Inc*. (2010) 186 Cal.App.4th 338, 358 (*Singh*).) Accordingly, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Our factual and procedural background focuses on plaintiffs' claims for intentional misrepresentation and negligent misrepresentation. In their first amended complaint, plaintiffs alleged they were induced by defendants' misrepresentations to invest $295,000 in a "leveraging/investment venture" with New Frontier LLC. In the first (intentional misrepresentation) and second (negligent misrepresentation) causes of action, plaintiffs specifically alleged defendants had made several false representations leading plaintiffs to conclude that New Frontier was a legitimate and respected American investment firm with a proven track record of success in obtaining high returns for its investors based on defendants' own personal investigation and confirmed by numerous successful prior transactions. However, according to plaintiffs, defendants knew or should have known that New Frontier was a fraudulent investment firm in the nature of a Ponzi scheme.

At trial, plaintiffs presented evidence in support of their argument that the misrepresentation claims were based on various false statements that Sariaslani made about the legitimacy of New Frontier. Defendants submitted evidence in support of their arguments that Vaswani knew Sariaslani was getting his information about New Frontier from other people and Vaswani's reliance on certain representations was not reasonable.

At the conclusion of the trial testimony and before closing arguments, the court instructed the jury, in pertinent part, on the elements of the causes of actions for intentional misrepresentation and negligent misrepresentation. Each claim of misrepresentation required the jury to find, in pertinent part, that Sariaslani made a false representation of an important fact to plaintiffs. The court advised the jury that its verdict was to be reported in the nature of answers to questions on a special verdict form. The special verdict form contained six sections, with each section consisting of questions

2

corresponding to plaintiffs' claims. At issue here is question No. 1 in two sections. In "**Section 1**. On Plaintiffs' claim for **Intentional Misrepresentation,**" the jury was asked to answer question No. 1, "Did Sariaslani make a false representation of an important fact to Plaintiffs?" In "**Section 2**. On Plaintiffs' claim for **Negligent Misrepresentation**," the jury was asked to answer the identical question No. 1, "Did Sariaslani make a false representation of an important fact to Plaintiffs?"

During deliberations, the jury sent the court the following question: "Can you explain or clarify how to interpret Question 1 of Section 1 'Did Sariaslani make a false representation of an important fact to plaintiffs?' " After a discussion in chambers with counsel, the court indicated it would respond to the question by referring the jury to three instructions: "[first,] intentional misrepresentation; second, opinions as statements of fact; and third, definition of important fact/promise." The court then advised the jury: "I read your question and discussed it with counsel. I will do the best that I can to at least direct you in response to this. [¶] There are a few juror instructions that you have that I'm going to direct you to. And the hope is that when you've reviewed those instructions that will guide you in connection with responding to the question that we have. [¶] Before I do that, I of course need to remind you that all of the instructions are of importance, and because I'm directing you to these few instructions in response to your question doesn't mean that they have any special significance or importance. All of the instructions are important, okay? [¶] So the first instruction, of course, is the one entitled intentional misrepresentation. [¶] There are two other instructions which tend to address the issue that you raised in your question: Opinions as statement of fact, and that follows the intentional misrepresentation instruction. There's intentional, then there's negligent misrepresentation, and then after that is the instruction on opinions as statements of fact, which I believe is applicable to the question that you're asking. [¶] In addition, following that is the definition of important fact/promise. It's really a twofold definition. It says a fact or promise is important if it would influence a reasonable person's judgment or conduct. A fact or promise is also important if the person who represents or makes it knows that the person to whom the representation or promise is made is likely to be

3

influenced by it even if a reasonable person would not. [¶] That is a statement of the law. Those, of course, are statements of law. I don't think there's a need for me to reread the other instructions to you because you have them. [¶] So what I'll do right now is ask that you review in particular those instructions relative to your question. Without more specificity, it's hard for me to respond to the question that you asked, but I do think that it would be worth your while to review those instructions in light of the others and see if, by carefully reviewing those, you feel satisfied in response to your question."

Having no further questions, the jury continued its deliberations and later returned a verdict by submitting the completed special verdict form. The jury answered the questions on the special verdict form as instructed by the court and on the form. The jury responded "No" to question No. 1 in Section 1, and, pursuant to the verdict sheet instructions, did not answer any further questions regarding plaintiffs' intentional misrepresentation claim. The jury responded "Yes" to question No. 1 in Section 2, and then answered the remaining questions in that section regarding plaintiffs' negligent misrepresentation claim. Neither the parties nor the court noted that the jury had given inconsistent responses to the identical question No. 1 in Sections 1 and 2 of the special verdict form.

Both parties filed post-verdict motions, challenging the jury's verdict on various grounds. After a hearing, the court issued a written order granting plaintiffs' motion for a new trial limited to a retrial on the causes of action for intentional misrepresentation and negligent misrepresentation. In so ruling, the court reasoned as follows: "The Special Verdict, in connection with the claims for both intentional misrepresentation and negligent misrepresentation, include a question No. 1 in each section, identically asking whether Sariaslani made 'a false representation of an important fact to Plaintiffs.' In Section 1, the jury answered negatively, while in Section 2, the jury answered affirmatively. This issue is thus whether these findings are so inconsistent, ambiguous or uncertain that they are incapable of being reconciled and impossible to ascertain how the jury determined this material issue. [¶] Vaswani argues that there is sufficient evidence to resolve this 'apparent error' by the jury. In that regard, Plaintiffs argue there is ample

4

evidence supporting a false representation of an important fact by Sariaslani to Vaswani. As such, Plaintiffs argue that the court should grant a new trial as to the cause of action for intentional misrepresentation. Sariaslani generally argues that it may be inferred that the jury determined, by finding no false representation of an important fact in the intentional cause of action, that they were responding to the subsequent, but unanswered, interrogatories in Section 1. However, the court cannot reconcile, under any circumstances, the jury's findings regarding the first finding of Sections 1 and 2." Defendants' timely appeal ensued. [1]

## DISCUSSION

Defendants contend the trial court erred in ordering a new trial based on the jury's inconsistent responses to question No. 1 in Sections 1 and 2 of the special verdict form. We disagree. As we now discuss, defendants' position is defeated by the jury's specific responses to question No. 1 in Section 1 and the same question No. 1 in Section 2 of the special verdict form.

Defendants' arguments for the most part are premised on the assumption that "[e]ven though the Verdict is labeled 'Special Verdict,' it is in fact a general verdict with special findings or interrogatories," or a "series of general verdicts." We disagree. A jury renders a general verdict when it pronounces generally in favor of the plaintiff or defendant on all or any of the issues; by contrast, a special verdict is one where the jury finds the facts, and leaves the judgment to the court. (See Code Civ. Proc., §§ 624, 625[2];

---

[1]  In their notice of appeal, defendants appeal from the February 4, 2013, order, which both granted plaintiffs' motion for a new trial on the causes of action of intentional and negligent misrepresentation, and denied defendants' motion to vacate the judgment and for judgment notwithstanding the verdict. However, because defendants do not request any relief as to those portions of the February 4, 2013, order concerning the denial of their motion to vacate the judgment and for judgment notwithstanding the verdict, we do not further address and express no opinion on those portions of the order.

[2]  Code of Civil Procedure section 624 reads: "The verdict of a jury is either general or special. A general verdict is that by which they pronounce generally upon all or any of the issues, either in favor of the plaintiff or defendant; a special verdict is that by which the jury find the facts only, leaving the judgment to the Court. The special verdict must

5

*Shaw v. Hughes Aircraft Co.* (2000) 83 Cal.App.4th 1336, 1344.) Here, the jury was never asked to pronounce generally in favor of either party on all or any of the causes of action. Instead, it was given a special verdict form that set forth the elements of each cause of action in discrete questions. Based on the jury's answers to the questions, the court would then enter an appropriate judgment. Thus, despite defendants' arguments to the contrary, we conclude that at issue here is an "inconsistency . . . between two questions within a special verdict." (*Mendoza v. Club Car, Inc.* (2000) 81 Cal.App.4th 287, 303.)

Because we are concerned with a special verdict, we "will not infer findings to support the verdict. [Citations.] ' " ' 'Where the findings are contradictory on material issues, and the correct determination of such issues is necessary to sustain the judgment,' " ' "as an appellate court we are " ' "not permitted to choose between inconsistent answers. [Citations.]" [Citation.] The proper remedy for an inconsistent special verdict is a new trial.' " (*Singh, supra,* 186 Cal.App.4th at p. 358.)

Contrary to defendants' contention, *Singh, supra*, 186 Cal.App.4th 338, is both instructive and dispositive of this appeal. In that case, the plaintiff Gurpreet Singh filed a lawsuit against defendants Southland Stone, U.S.A., Inc. and its president, on the ground defendants had induced Singh to move from India to California for employment, but within months of Singh's arrival, his promised salary had been reduced and then he was pressured to resign. (*Id.* at p. 344.) Singh sought damages for promissory estoppel, misrepresentation to induce relocation for employment, and false promises based on theories he would be employed for three years at a certain salary and Southland Stone

present the conclusions of fact as established by the evidence, and not the evidence to prove them; and those conclusions of fact must be so presented as that nothing shall remain to the court but to draw from them conclusions of law."

Code of Civil Procedure section 625 reads, in pertinent part: "In all cases the court may direct the jury to find a special verdict in writing, upon all, or any of the issues, and in all cases may instruct them, if they render a general verdict, to find upon particular questions of fact, to be stated in writing, and may direct a written finding thereon. . . . Where a special finding of facts is inconsistent with the general verdict, the former controls the latter, and the court must give judgment accordingly."

6

would sponsor him in his application for permanent residency. (*Id*. at p. 358.) As to the latter two claims, it was alleged defendants had no intention of fulfilling those promises at the time they were made. (*Ibid*.) Singh's counsel's "closing argument, the instructions and the evidence presented at trial strongly suggested that the counts for promissory estoppel, misrepresentation to induce relocation, false promise, intentional misrepresentation, and concealment all were based on *the same alleged misrepresentations or concealments* in connection with Singh's decision to accept employment with Southland Stone, particularly with respect to the duration of employment, amount of salary, and assistance in applying for permanent residency." (*Id*. at p. 359; italics added.) The appellate court concluded a new trial was required on the affected counts because "the jury's special verdict findings that defendants (1) had in fact made no promise to employ Singh for a period of three years or to sponsor him for permanent residency, (2) had made no important promise that they had no intention of performing at the time the promise was made, and (3) had not misrepresented the kind, character, or existence of work are inconsistent with and cannot be reconciled with the jury's *other* findings that defendant had intentionally or recklessly misrepresented an important fact and intentionally concealed an important fact." (*Ibid*.)

So, too, in this case, we conclude, as did the trial court, that the jury's inconsistent findings as to whether Sariaslani made a false representation of a material fact cannot be reconciled so as to avoid a new trial on the counts for intentional misrepresentation and negligent misrepresentation. Defendants argue that "the only reasonable explanation and interpretation of the jury's verdict is a rejection of the theory of intentional misrepresentation, pled in the alternative to the negligent misrepresentation, after deciding on negligent misrepresentation" and because plaintiffs "could not have prevailed on both theories, the total verdict was correct and consistent." However, contrary to defendants' arguments, the jurors were not advised they were to consider the causes of action for misrepresentation in the alternative, or that plaintiffs could not prevail on both theories. Indeed, the record shows the jury was told just the opposite. In closing argument plaintiffs' counsel told the jury that any one of several misrepresentations

would support "a claim for fraud . . . whether it's intentional fraud or negligent fraud." Similarly, the court's instructions did not limit the jury's consideration on the matter: the jurors could have found either no misrepresentations, one or more intentional misrepresentations, or one or more negligent misrepresentations. We also find unavailing defendants' argument that the verdict may be upheld because the jurors were asked to answer questions in separate sections. The court specifically directed the jury to answer the questions in Section 1 [Intentional Misrepresentation] before answering the questions in Section 2 [Negligent Misrepresentation]. Assuming, as we must, that the jurors followed the instructions, their response to Question No. 1 in Section 1, that Sariaslani made no false representation of a material fact to plaintiffs, cannot be reconciled with their presumably subsequent response to the same question No. 1 in Section 2, that Sariaslani made a false representation of material fact to plaintiffs. We therefore must reject defendants' attempt to explain why the jury gave contradictory answers. "Where there is an inconsistency between or among answers within a special verdict, both or all of the questions are equally against the law. [Citation.] [We are] not permitted to choose between inconsistent answers." (*City of San Diego v. D.R. Horton San Diego Holding Co., Inc*. (2005) 126 Cal.App.4th 668, 682.) Because a correct determination as to whether Sariaslani made a false representation of an important fact is a material issue to defendants' liability, and the jury's findings on that issue are not reconcilable, we conclude the trial court did not abuse its discretion in ordering a new trial on the causes of action for intentional misrepresentation and negligent misrepresentation. (See *Singh, supra*, 186 Cal.App.4th at p. 359.) [3]

---

[3]　　We note the Judicial Council of California has drafted special verdict forms for intentional misrepresentation and negligent misrepresentation causes of action. (See CACI-VF-1900. Intentional Misrepresentation (2014 ed.) pp. 1076-1077; CACI-VF-1903. Negligent Misrepresentation (2014 ed.) pp. 1084-1085.) The directions for the use of the special verdict forms advise that if there are multiple causes of action for intentional misrepresentation and negligent misrepresentation, "users may wish to combine the individual forms into one form," which would have allowed the jury here to respond *only once* to the same question. (See Directions for Use to CACI-VF-1900. Intentional Misrepresentation (2014 ed.) pp. 1077-1078; Directions for Use to CACI-VF-

8

**DISPOSITION**

The order filed on February 4, 2013, is affirmed. Plaintiffs are awarded costs on appeal.

_____
Jenkins, J.

We concur:

_____
Pollak, Acting P. J.

_____
Siggins, J.

---

1903. Negligent Misrepresentation (2014 ed.) p. 1086.) Also, when both intentional misrepresentation and negligent misrepresentation claims "are to be presented to the jury," if appropriate to do so, "the preferred practice would seem to be that" the verdict forms "be kept separate and presented in the alternative" (*ibid*.), which was not done in this case.